**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MUKESHBHAI PATEL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **NO. 3:26-cv-01223** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **CHRISTOPHER S. BULLOCK, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**<u>MEMORANDUM AND ORDER</u>**

On August 26, 2026, Petitioner filed a Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, alleging he is being unlawfully detained and denied a bond hearing by Respondents in violation of the of the Fifth Amendment Due Process clause and the Immigration and Nationality Act. (*See* Doc. No. 1). On August 28, 2026, the Court ordered Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Doc. No. 8). Respondents filed their response on September 2, 2026, (Doc. No. 9), and Petitioner filed his reply on September 5, 2026.

Respondents filed evidence that, on August 25, 2026, Petitioner was arrested in Columbia Tennessee, detained in Nashville, Tennessee, and then transferred to a detention facility in Mason, Tennessee. (Doc. No. 10 ¶¶ 4, 5). Respondents assert that this Court lacks jurisdiction because Petitioner was detained in Mason, Tennessee (which lies within the Western District of Tennessee) when the Petition was filed in this case on August 26, 2026. (*See* Doc. No. 9 at 4 citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (U.S. 2004) ("the general rule [is] that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement.")). Respondents urge the Court to dismiss the Petition or transfer it to the Western District of Tennessee.

Petitioner replies that the Government controlled the information his counsel needed to identify the immediate custodian and that ICE's official locator disclosed no detention record or other records for Petitioner as of 9:04 p.m. on August 25, 2026. (*See* Doc. No. 12 at 3 (citing Doc. No. 1-1 at 1)). Petitioner also notes his counsel's representation that she had not communicated directly with him and could not determine his detention location through ICE's locator before filing. (*See id*. (citing Doc. No. 1 ¶¶ 1-2)). Petitioner contends that, under the reasoning of *Ronan v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003) together with *Rumsfeld v. Padilla*, 542 U.S. 426 (U.S. 2004), the foregoing filing-time and unknown custodian circumstances provide a narrowly tailored basis to retain the action, permit amendment, or transfer rather than dismiss.

Petitioner also submits that if the Court finds a want of jurisdiction, transferring this action to the Western District of Tennessee would be appropriate under 28 U.S.C. § 1631 because that court could have exercised jurisdiction when the Petition was filed. (*See* Doc. No. 12 at 8). Section 1631 provides that if the Court lacks jurisdiction in a civil action, it "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Here, the parties agree that this action could have been brought in the District Court for the Western District of Tennessee. And there is no suggestion from Respondents or the record that Petitioner initiated this action in this district in bad faith or for any improper purpose. Accordingly, the Court finds that transferring this action (rather than dismissing it) is in the interests of justice.

The Clerk is directed to **TRANSFER** this action to the Western District of Tennessee.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE